## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANTOINETTE MUSLEH,

      **Plaintiff,**

v.

BROAD REALTY INVESTMENTS, L.P.,
H.W. HERITAGE INN OF RANCHO
CUCAMONGA, INC., HOMEWOOD
SUITES BY HILTON ONTARIO-
RANCHO CUCAMONGA,
THARALDSON HOSPITALITY
MANAGEMENT, THARALDSON
FINANCIAL GROUP, INC., HILTON
WORLDWIDE, INC., BARRETT
STRIPING, JOHEN DOE 1–5, MARY
DOE 1–5, AND/OR ABC
CORPORATION 1–10 (fictitious
names),

      **Defendants.**

Civ. No. 16-912 (KM) (JBC)

**MEMORANDUM OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Antoinette Musleh brought this action against the defendants for injuries she sustained during a slip and fall in the parking lot of Homewood Suites by Hilton, a hotel located in San Bernardino, California. The named defendants include parties involved in the ownership, operation, and maintenance of the hotel[1] (collectively, the "Hilton Defendants") and a company

---

[1]    These defendants are: Broad Realty Investments, L.P., H.W. Heritage Inn of Rancho Cucamonga, Inc., Homewood Suites by Hilton Ontario-Rancho Cucamonga, Tharaldson Hospitality Management, Tharaldson Financial Group, Inc., and Hilton Worldwide, Inc.

1

engaged in the business of parking lot maintenance and marking, Barrett Striping ("Barrett").[2] (Compl. ¶ 11)[3] Barrett's principal place of business is in Rancho Cucamonga, California. (*Id.*) According to the amended complaint (hereinafter referred to as the "Complaint"), Barrett was the company responsible for the maintenance, striping, and marking of the hotel parking lot in which Musleh slipped and fell. (Compl. ¶ 18)

Now before the Court is Barrett's motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[4] Both Musleh and the Hilton Defendants oppose Barrett's motion.

For the reasons stated below, I find that Musleh (whether alone or aided by the Hilton Defendants) has not established this Court's personal jurisdiction over Barrett. Additionally, I shall deny Musleh's request for jurisdictional discovery because she has failed to present or allege facts that suggest with reasonable particularity the possibility that such discovery would yield

---

[2]    The original complaint (ECF no. 1), filed on February 19, 2016, did not name Barrett as a defendant. On August 11, 2016, Musleh filed an amended complaint (ECF no. 13) adding Barrett as a defendant.

[3]    Record items cited repeatedly will be abbreviated as follows

| | |
|---|---|
| "Compl." = | Amended Complaint (ECF no. 13) |
| "Barrett Mot." = | Brief in Support of Defendant, Barrett Striping's, Motion to Dismiss (ECF no. 19-2) |
| "Pl. Opp." = | Plaintiff's Memorandum in Opposition to the Motion of the Defendant, Barrett Striping to Dismiss the Complaint (ECF no. 23) |
| "Hilton Opp." = | Brief in Opposition to Co-Defendant Barrett Striping's Motion to Dismiss for Lack of Personal Jurisdiction On Behalf of Defendants Broad Realty Investments, L.P., H.W. Heritage Inn of Rancho Cucamonga, Inc., Homewood Suites by Hilton Ontario-Rancho Cucamonga, Tharaldson Hospitality Management, Tharaldson Financial Group, Inc., & Hilton Worldwide, Inc. (ECF no. 22) |

[4]    Barrett describes its motion as pursuant to Fed. R. Civ. P. 4 (Barrett's Notice of Motion, ECF no. 19, p. 2), its motion to dismiss is for "lack of personal jurisdiction" (Barrett Mot. 13), not for a defect in process or its service under Rules 12(b)(4) and 12(b)(5).

2

evidence of the minimum contacts necessary to establish specific personal jurisdiction.

## II.  LEGAL STANDARDS AND DISCUSSION

### A. Personal Jurisdiction Standard

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), the court must still examine any evidence presented with regard to disputed factual allegations. *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) ("Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction. "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

To assess whether it has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155

3

F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.;* Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.,* Civ. No. 10–4207, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.,* 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales,* 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

A district court may hear a case involving a non-resident defendant if it possesses either of two kinds of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-415 & n. 9 (1984). Specific jurisdiction, which is at issue in this case, relies on the defendant's forum-related activities that give rise to the plaintiff's claims. *See Helicopteros,* 466 U.S. at 413-14. Establishing specific jurisdiction involves a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton*

*v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

## B. Personal Jurisdiction in this Case

### 1. Musleh's Arguments

Without citation to legal authority, Musleh argues that Barrett performed work on the parking lot of a hotel patronized by guests from across the nation, and therefore should have reasonably anticipated being subject to the jurisdiction of any court in the United States. (Pl. Opp. 5–6) Musleh submits that these "unique" facts should give rise to specific jurisdiction under the theory that Barrett directed its activities at the hotel and, through the hotel, at out-of-state forums. Musleh's argument lacks merit because the facts do not suggest that Barrett purposefully availed itself of the New Jersey market.

*J. McIntyre Mack, Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780 (2011), is instructive. There, both the plurality and concurring opinions *rejected* the view that "a producer is subject to jurisdiction for a products-liability action so long as it 'knows or reasonably should know that its products are distributed through a nationwide distribution system that *might* lead to those products being sold in any of the fifty states.'" *Id.* at 891 (Breyer, J., concurring) (emphasis in original). Musleh's argument—that a contractor is subject to personal jurisdiction in a tort plaintiff's forum so long as it knows or reasonably should expect that its work is on premises visited by out-of-state visitors, and that such visitors *might* be injured as a result of negligent work— is analogous to this rejected view.[5] In this case, it is manifest that Barrett has

---

[5]     Indeed, Musleh's argument for personal jurisdiction is even weaker than the argument rejected in *J. McIntyre*. In contrast to the classic "stream of commerce" situation at issue in *J. McIntyre*, in which a manufacturer's products are carried in the stream of commerce outward from the defendant's forum into the *plaintiff's* forum, Musleh presents a sort of reverse stream of commerce argument. According to her, a defendant has availed itself of an out-of-state forum when the stream of commerce can be expected to flow outward from a plaintiff's forum into the *defendant's* forum,

not purposefully directed its activities toward New Jersey and its citizens. Accordingly, this Court lacks personal jurisdiction over Barrett.

### 2. The Hilton Defendants' Arguments

The Hilton Defendants also filed a brief in opposition to Barrett's motion.

They first contend that because this Court has subject matter jurisdiction over this diversity case under 28 U.S.C. § 1332, and because this District is a proper venue under 28 U.S.C. § 1391, Barrett's motion to dismiss for lack of personal jurisdiction is moot. (Hilton Opp. 3–5) Subject matter jurisdiction, personal jurisdiction, and proper venue are not equivalent. Each is an independent and necessary requirement for a federal district court to hear a case against a defendant. *See, e.g., Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 224 (D.N.J. 1966) ("To issue a valid binding judgment this Court must establish both Federal jurisdiction over the subject matter and personal jurisdiction over the defendant. Additionally, the plaintiff must have properly served his adversary with process and have laid venue in a proper District."); *see also* Fed. R. Civ. P. 12(b)(1)–(3) (listing lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue as independent defenses). The Hilton Defendants' argument is therefore ineffectual.

In the alternative, the Hilton Defendants request that this Court transfer this case to one of the federal district courts in California[6] instead of dismissing Barrett from this case because Barrett is an "indispensable defendant in this matter." (Hilton Opp. 6) They do not identify which district would be a proper venue, although presumably they would. Citing no rule or other statute, they say that Barrett is "indispensable" because Barrett may bear the majority of

---

bringing out-of-state residents (and potential plaintiffs) into contact with the inert results of a defendant's inherently local work, such as a parking lot surface. In Musleh's scenario there is even less evidence of the defendant's intent to avail itself of the plaintiff's forum than in *J. McIntyre*.

[6]     San Bernardino, where the hotel is located, is in the Central District of California.

any liability for Musleh's injuries. (*Id.* at 3). It is true that, under 28 U.S.C. § 1406(a), a district court "may transfer—rather than dismiss—cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction," if such a transfer is in the interest of justice. *See Lafferty v. St. Riel,* 495 F.3d 72, 77 (3d Cir. 2007), *as amended* (Nov. 23, 2007) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–66, 82 S. Ct. 913 (1962)). I find, however, that transferring the case to another District would not serve the interests of justice.[7] It is up to Musleh, as the plaintiff, to decide where and against whom to litigate her claim. She has chosen to file her claim in New Jersey, and she has not requested a transfer should this Court find that it lacks personal jurisdiction over Barrett.[8] Accordingly, I will not transfer this case in part or in its entirety.

### C. Jurisdictional Discovery

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc., Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). Here, however, Musleh has failed to allege or provide facts "that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *Id.* Barrett has submitted a

---

[7]     Because I find that a transfer to a federal district in California is not in the interests of justice, I need not address which district, if any, would have personal jurisdiction and be a proper venue for adjudicating this case as to all defendants.

[8]     I will not consider the Hilton Defendants' opposition brief as a preemptive Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19. Their contention that Barrett is an indispensable party is dubious, however. I note that "'[i]t is well-established that [Federal Rule of Civil Procedure] 19 does not require the joinder of joint tortfeasors[;] [n]or does it require joinder of principal and agent.'" *Lomando v. United States,* 667 F.3d 363, 384 (3d Cir. 2011) (emendations in original) (quoting *Nottingham v. Gen. Am. Commc'ns Corp.,* 811 F.2d 873, 880 (5th Cir. 1987)); *see also Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

certification from its owner certifying at length that Barrett has never directed its business activity towards New Jersey. (Jason Barrett Certification ¶¶ 6–22) Musleh's basis for jurisdiction is that Barrett maintained the parking lot, an allegation that I have assumed to be true for purposes of this motion. Musleh's request for jurisdictional discovery must be denied because it has alleged no facts that would "suggest with reasonable particularity" that a California-based parking lot maintenance and marking business such as Barrett would have any contacts with New Jersey.

### III.   CONCLUSION

For the foregoing reasons, I conclude that Musleh has failed to allege facts which, if true, would establish that this Court has personal jurisdiction over the Barrett. I shall deny Musleh's request for jurisdictional discovery. I will also deny the Hilton Defendants' request to transfer this matter to a judicial district in California, because a transfer would not be in the interest of justice.

An appropriate Order follows.

Dated: April 21, 2017

HON. KEVIN MCNULTY, U.S.D.J.